UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHARLES PHILLIP MAXWELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **No. 3:09-0940** |
| | ) | **Judge Echols** |
| **UNITED STATES; and, in their defacto** | ) | |
| **and or individual capacities INTERNAL** | ) | |
| **REVENUE SERVICE, and EARNEST G.** | ) | |
| **SCHULTZ,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER

This is the latest in a series of cases Petitioner Charles Phillip Maxwell has filed in this Court seeking to quash or stay summonses issued by the Internal Revenue Service ("IRS"). Four previous cases have been dismissed on the merits because Maxwell asserted frivolous and often-rejected arguments in support of his Petitions to Quash. Another case was dismissed as moot after the IRS withdrew the summons at issue.

In <u>Maxwell v. IRS *et al.*</u>, Case No. 3:09-CV-308, this Court entered an Order imposing sanctions against Maxwell in the amount of $1,500 because his requests to quash summonses issued by the IRS were without merit and he "repeatedly raised arguments which have been unanimously rejected by the courts," even after being informed that his arguments were frivolous. (Case No. 3:09-CV-308, Docket Entry No. 45 at 3-5). After a hearing in the case, the Court entered an Order on December 18, 2009, which stated: "Petitioner is HEREBY ORDERED NOT TO MAKE ANY FURTHER FILINGS OR INSTITUTE ANY FURTHER ACTIONS in this Court and the Clerk is directed not to accept any further filings or actions filed by Mr. Maxwell, until either the sanction of $1,500 has been paid in full,

1

or until further Order from this Court which specifically lifts the ban on making new filings or filing new actions." (Id., Docket Entry No. 81 at 4, capitalization in original). The present case and the pending motions in it were filed before December 18, 2009, and so they do not run afoul of the Order prohibiting filings by Maxwell. However, as in his prior cases, Maxwell has not carried his burden of establishing a valid defense to the summonses at issue and, accordingly, the Government has filed a Motion to Dismiss Petitioner's Petition to Quash or Stay Summons (Docket Entry No. 8).

In its filings, the Government has established that, for legitimate reasons, it is conducting an investigation into Maxwell's federal tax liability for the years 1996 through 2006 and that, to properly investigate Maxwell's potential tax liability, it is necessary for the IRS to obtain testimony and to examine the books, records, papers, and other information sought by the summonses. 26 U.S.C. § 7602(a). For those reasons, and also for the reasons explained in this Court's prior opinions related to Maxwell's repeated efforts to quash summonses related to the same investigation, (see, Case No. 3:08-MC-00025, Docket Entry No. 24; Case No. 3:09-CV-308, Docket Entry Nos. 39, 45; & Case No. 3:09-CV-0045, Docket Entry No. 16), Maxwell's present Petition to Quash or Stay Summons is without merit.

Accordingly, the Court rules as follows:

(1) The Government's Motion to Dismiss Plaintiff's Petition to Quash or Stay Summons (Docket Entry No. 8) is hereby GRANTED;

(2) Maxwell's Conditional Motion to Dismiss or Non-Suit Petition for Lack of Jurisdiction Docket Entry No. 19)[1] is hereby DENIED AS MOOT;

(3) Maxwell's Motion for Leave to Proceed *In Forma Pauperis* (Docket Entry No. 4) and related Motion to Alter or Amend Court Order (Docket Entry No. 21) are hereby DENIED AS MOOT;

---

[1] Petitioner claims he filed this Motion "to avoid further . . . punishment." (Id. at 2).

(4) Maxwell's Motion For Judicial Notice And Show Cause Hearing As To Why Mark H. Wildasin Should Not Be Held In Contempt of Court[2] (Docket Entry No. 15) is hereby DENIED; and

(4) This action is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter judgment in a separate document in accordance with Federal Rule of Civil Procedure 58(a).

It is so ORDERED.

```
_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE
```

---

[2]This Motion raises the wholly unsupported assertion that Mr. Wildasin, the Assistant United States Attorney representing the Government in this case, is not authorized to practice law in this Court.